LUCIEN I. YEOMANS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

*Docket No. 4822. Promulgated September 28, 1945.*

*Errett G. Smith, Esq.*, for the petitioner.
*David F. Long, Esq.*, for the respondent.

### OPINION.

ARUNDELL, *Judge*: Respondent has treated as additional income to petitioner certain sums withdrawn by petitioner from the corporation, Lucien I. Yeomans, Inc., in 1940 and 1941, which sums were included in deductions taken by the corporation for business expenses in its

returns for those years. In making his determination, respondent relied upon section 22 (a) of the Internal Revenue Code, defining "gross income," and section 19.23 (a)-2 (b) of Regulations 103.[1]

We think respondent has acted properly in including such sums in petitioner's income. Petitioner is an industrial or consulting engineer. He is engaged essentially in a personal service business. The corporation is but a continuation in corporate form of the same business conducted by him for many years as an individual. Petitioner and his secretary were the only full time employees of the corporation. The sums which he withdrew he spent as he pleased, with little, if any, accountability to anyone. In the end he received practically all the earnings of the corporation.

Petitioner himself kept no records of his expenditures and, so far as the sums in dispute are concerned, the company records afford only a very unsatisfactory showing of the purposes for which expenditures were made. It is difficult, if not impossible, either from the the records in evidence or from the testimony, to associate given expenditures with particular business purposes. Petitioner testified in a general way that all the sums in dispute were expended for what he considered necessary to promote, develop, and maintain business. He was in Chicago, his home, considerably more than half the time in each of the taxable years. Substantial portions of the sums in dispute, it is claimed, were expended in Chicago, but petitioner was unable at the hearing to demonstrate the connection between any claimed item of "Chicago expenses" and a specific business transaction.

Petitioner complains that respondent has tried to confine his case to a very narrow channel by requiring him to include the controverted sums in his gross income in accordance with the regulation relating to traveling expenses, and by requiring him to substantiate such expenditures as provided by that regulation. He contends that not all of the amount disallowed was claimed as traveling expenses and need not

---

[1] SEC. 19.23 (a)-2. *Traveling expenses.*—Traveling expenses, as ordinarily understood, include railroad fares and meals and lodging. If the trip is undertaken for other than business purposes, the railroad fares are personal expenses and the meals and lodging are living expenses. If the trip is solely on business, the reasonable and necessary traveling expenses, including railroad fares, meals, and lodging, are business expenses.

\* \* \* \* \* \* \*

(b) If an individual receives a salary and is also repaid his actual traveling expenses, he shall include in gross income the amount so repaid and may deduct such expenses.

\* \* \* \* \* \* \*

\* \* \* Only such expenses as are reasonable and necessary in the conduct of the business and directly attributable to it may be deducted. A taxpayer claiming the benefit of the deductions referred to herein must attach to his return a statement showing (1) the nature of the business in which engaged; (2) the number of days away from home during the taxable year on account of business; (3) the total amount of expenses incident to meals and lodging while absent from home on business during the taxable year; and (4) the total amount of other expenses incident to travel and claimed as a deduction.

Claim for the deductions referred to herein must be substantiated, when required by the Commissioner, by evidence showing in detail the amount and nature of the expenses incurred.

be supported as such. It is further urged that the disallowed sums were expended by the corporation and that petitioner, personally, was but an instrumentality through which the wishes of the corporation were effectuated. Petitioner testified that in making expenditures he considered that he was an agent of the corporation, handling corporate funds and disbursing them for what he thought to be corporate purposes; that he did not look upon the money as his; that he kept "company money" in one pocket and his personal funds in another pocket; and that none of the "company money" was spent for his personal benefit.

Such subtleties of reasoning are too tenuous to distinguish petitioner's position from either that of an employee who admittedly spends his own funds and is reimbursed therefor or that of one doing business as an individual who makes expenditures and claims deductions therefor as business expenses. Some of the money in dispute, it appears, was used for "development" and other purposes which might well be in the nature of capital expenditures. Petitioner can not, by the expedient of incorporating himself and carrying on his personal service business in corporate form, secure a deduction as a business expense for an item which is properly a capital expenditure. Nor can he, by such an expedient, spend money freely for whatever he considers a business purpose, keep no records of such expenditures, and, when income tax deductions are claimed in respect thereof, avoid the obligation to substantiate such expenditures.

Regardless of the applicability of the regulation to all or only a portion of the amounts in controversy, we think the respondent's action in including the sums in petitioner's gross income was warranted. In such circumstances as we have before us, where petitioner had complete freedom in spending the money as he chose, we find nothing unreasonable in treating the money as his—as income to him—and in requiring him to justify whatever deductions he claims for business expenses.

The total of the disbursements recorded in "Account No. 15" for 1940 was $9,845.55, and for 1941 it was $11,877.60. Of these sums the respondent has allowed $5,793.55 and $6,500.60, respectively. The sums allowed include, in the main, such items as checks payable to railroad companies for tickets and checks payable to hotels for hotel bills—items which on their face would seem to have been spent for business purposes. It was only the remainder of $4,052 for 1940 and $5,377 for 1941 that respondent included in petitioner's income, and those sums consist entirely of items payable to "Cash" or to "L. I. Y." It was those sums whose expenditure petitioner was called upon by respondent to substantiate.

With respect to those sums no deductions were allowed. We can not, from the record before us, determine with precision the exact

amounts which should be allowed as deductions, as we might if petitioner had kept any records by which he could with some reasonable degree of accuracy have identified his expenditures. Nevertheless, we are convinced that at least some part of the disputed sums (including even some expenditures in Chicago) was used for purposes which fall within the category of ordinary and necessary business expenses and some part for traveling expenses. We must, therefore, apply the rule of the *Cohan* case [2] and make the best estimate we can. After a careful examination of all the testimony and the exhibits, and particularly the transcripts of "Account No. 15," we conclude that petitioner should be allowed a deduction of 50 percent of the amounts required to be included in his gross income—in other words, $2,026 for 1940, and $2,688.50 for 1941.

*Decisions will be entered under Rule 50.*

[2] *Cohan* v. *Commissioner*, 39 Fed. (2d) 540.